There were several suits between these parties in which the court decided the following points—
1st. That before the commissioners can fine a defaulter for not working on the roads, they must appoint a day and place and summon him to show cause.
2nd. That a warrant by the commissioners to collect the fines against the defaulter is void if it does not specify the amount of the fines.
3rd. That the commissioners are liable as trespassers for seizing and selling the property of a defaulter, if the above requisites are not complied with.
4th. That the commissioners have no power to-compel an individual to work on his own road.
Petigru, Atty. Gen. for the plaintiff.
Lance, for the defendants.
5th. That they have authority over those roads in a parish or district in which there is. a right of two or more persons and which are called private paths, as contradis-tinguished from the public high roads. But that if an individual should gratuitously permit a neighbour to pass through his plantation it will not give a right to the com-; missioners over such way.
6. That where an issue is made up in prohibition to try the facts in a case of this sort, it is for the purpose of informing the court, 5 Bac. Ab. 661. 2 Sellon 236. 1 Saunders 136, add therefore it is a case for mere nominal damages, and if the jury find more, a néw trial will be granted unless the damages be released to one shilling.